UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GERARDO GARCIA, *pro se,*

    Plaintiff,

v.                                                                        2:23-cv-00528-DHU-JHR

CITY OF CARLSBAD, NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's "Appeal for Defect" ("Plaintiff's Motion"). Doc. 34. In his Motion, Plaintiff "ask[s] the court to cancel the judgement of Dismissal of case for reasons stated below of failure to state a CLAIM." Doc. 34 at 1 (emphasis in original).

Rule 60 of the Federal Rules of Civil Procedure governs relief from judgments. Rule 60 provides in relevant part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018); *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) ("Rule 60(b)(6) relief is ... appropriate only when it offends justice to deny such relief").

Most of Plaintiff's Motion states the facts giving rise to this case. *Compare* Doc. 34 at 1-6, *with* Notice of Removal at 4-20. It thus appears that Plaintiff is seeking relief pursuant to Rule 60(b)(1), mistake, or Rule 60(b)(6), any other reason that justifies relief, and is asking the Court to reconsider its decision to dismiss this case. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice"); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice").

Plaintiff attached 94 pages of documents to his Motion, including documents previously filed in this case. The Court has reviewed the documents attached to the Motion, however, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court denies Plaintiff's Motion (Doc. 34) because Plaintiff has not shown there are extraordinary circumstances warranting relief from the Court's judgment; nor has Plaintiff shown that the Court's decision was clearly erroneous.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE